NO. 07-02-0156-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 14, 2002



______________________________




ERIC DARNELL BOULDWIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 230TH DISTRICT COURT OF HARRIS COUNTY;



NO. 873010; HONORABLE JOAN CAMPBELL, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ., and BOYD, SJ.

ON ABATEMENT AND REMAND


 On April 19, 2001, upon his plea of guilty, appellant Eric Darnell Bouldwin was
adjudged guilty of the offense of possession of a controlled substance weighing more than
four grams but less than 200 grams. In accordance with a plea bargain, he was placed on
probation (community supervision) for a period of three years. On February 19, 2002, after
hearing, appellant's probation was revoked and he was ordered to serve a three-year
sentence in the Institutional Division of the Department of Criminal Justice and, in addition
thereto, he was ordered to pay a fine of $500. On that same day, appellant filed a pro se
notice of appeal.

 On April 22, 2002, we received the clerk's record in the case. However, we have
never received a reporter's record, nor have we received a motion for extension of time 
to file that record. On June 5, 2002, we notified appellant that we had not received an
appellant's brief in this matter, which was due on May 22, 2002. After receiving the letter,
appellant requested an extension of time which was granted until August 12, 2002. 
However, as of this date, we have not received a brief, nor a motion for extension of time 
to file the brief. We have also previously advised appellant that if no satisfactory
responses were received, it would be necessary to abate the appeal to the trial court
pursuant to Tex. R. App. P. 38.8. We have received no response to that notification.

 This state of events necessitates a hearing to avoid further delay and preserve the
parties' rights. See Tex. R. App. 38.8(b). Accordingly, we abate this appeal and remand
to the 230th District Court of Harris County for hearing. Upon remand, the judge of the trial
court shall immediately cause notice to be given and conduct a hearing to determine:

 1. Whether appellant has abandoned his appeal, and if not, whether
appellant is indigent and if the appointment of an attorney is necessary. If
an attorney is appointed, the name, address, and State Bar of Texas
identification number of the attorney appointed should be provided to this
court.

 


 2. If appellant is not indigent and has failed to make arrangements to
prosecute his appeal, what orders are necessary to ensure those
arrangements are made.


 3. Whether any other orders are steps are needed to ensure the diligent
and proper pursuit of appellant's appeal.


 In support of its determination, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. Those supplemental records shall be submitted to the clerk of this court
not later than November 14, 2002.

 It is so ordered. 

 Per Curiam

Do not publish.

 



ception Locked="false" Priority="60" Name="Light Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0267-CR

                                                              


                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                               AUGUST
4, 2011

                                            ______________________________

 

                                               ROSHELLE
RENE HOUSER a/k/a 

ROSHELL RENEA JONES,

 

                                                                                                                        Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS, 

 

                                                                                                                        Appellee

_______________________________

 

                           FROM
THE 264th DISTRICT COURT OF BELL COUNTY;

 

                               NO.
66,191; HON. MARTHA J. TRUDO, PRESIDING

                                           _______________________________

                                                                              

                                                   ABATEMENT
AND REMAND

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Roshelle
Rene Houser a/k/a Roshell Renea
Jones, appellant, appeals her conviction for forgery by passing.  Appellant timely perfected her appeal. The
clerks record was filed on June 14, 2011, and no reporters record was taken.  Appellants brief was due on July 14,
2011.  The brief was not filed by that
date and on July 22, 2011, the court notified counsel that he had until August
1, 2011, to either file appellants brief or file an extension motion.  To date, neither a brief nor an extension motion have been received by the court.

Those convicted of criminal acts are
entitled to effective assistance of counsel on appeal.  The failure of counsel to timely prosecute an
appeal falls short of rendering such assistance.  Consequently, we abate the appeal and remand
the cause to the 46th District Court of Bell County (trial court) for further
proceedings.  Upon remand, the trial
court shall immediately cause notice of a hearing to be given and, thereafter,
conduct a hearing to determine 1) whether appellant desires to prosecute this
appeal, 2) whether appellant is indigent and entitled to appointed counsel, and
3) whether appellants current attorney was appointed or retained.  The trial court is ordered to execute
pertinent findings of fact on these matters. 
Should it be found that appellant desires to pursue the appeal, is
indigent, and her current legal counsel was appointed, then the trial court is
ordered to remove appellants current legal counsel and appoint another to
zealously represent appellants interest on appeal.   The name, address, phone number, telefax number, and state bar number of the new attorney
must also be included in the court's findings of fact and conclusions of
law.  Lastly, the trial court shall also
cause to be developed 1) a supplemental clerk's record containing the findings
of fact and conclusions of law and 2) a reporter's record transcribing the
evidence and argument presented at the aforementioned hearing.  The foregoing supplemental clerk's and
reporters records must be filed by the trial court with the clerk of this
court on or before September 2, 2011. 
Should additional time be needed to perform these tasks, the trial court
may request same on or before September 2, 2011.

It is so ordered.

                                                                                    Per
Curiam

Do
not publish.